UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RB III, by and through Mother,<br>Karen Batten,<br><br>       Plaintiff<br><br>       v.<br><br>ORANGE EAST SUPERVISORY UNION,<br>WAITS RIVER VALLEY SCHOOL, and<br>CARLOTTA PERANTONI, Prinicipal & LEA,<br><br>       Defendants. | Case No. 5:15-cv-196 |

**OPINION AND ORDER RE:**
**DEFENDANTS' MOTION TO DISMISS**
**(Doc. 11)**

The defendants Orange East Supervisory Union, Waits River Valley School, and Carlotta Perantoni, Principal and LEA, move to dismiss the plaintiff's Complaint for Attorneys' Fees (Doc. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow below, defendants' Motion to Dismiss (Doc. 11) is GRANTED.

**I.   Background**

The facts pertaining to this particular motion are largely undisputed. The plaintiff is a student at Waits River Valley School and qualifies for special education services under the Individuals with Disabilities in Education Act ("IDEA"). He receives these services pursuant to an Individualized Education Plan ("IEP").

The plaintiff filed a Due Process Complaint with the Vermont Agency of Education on March 23, 2015. The parties subsequently engaged in motion practice, and the plaintiff filed an Amended Due Process Complaint on May 15, 2015. Thereafter, the parties agree to seek resolution through mediation, which occurred on June 8, 2015. At mediation, the parties reached an agreement and submitted a signed Due Process Hearing Withdrawal Request to the Hearing

Officer. (Docs. 1-5; 11-1.) Based on the Withdrawal Request, the Hearing Officer dismissed the due process proceeding on June 10, 2015. [1] (Doc. 11-1.)

## II.   Analysis

The plaintiff now seeks the recovery of attorneys' fees incurred as a result of the due process proceeding, alleging that he was the "prevailing party." In response, the defendants contend that the plaintiff does not have prevailing party status and that his Complaint for Attorneys' Fees must be dismissed.

### A.   Standard of Review

When considering "a motion to dismiss pursuant to Rule 12(b)(6), the court reviews the face of the plaintiff's complaint and accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff." *Beaupre v. O'Connor*, No. 2:14-CV-256, 2015 WL 5530180, at *1 (D. Vt. Sept. 18, 2015) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B.   Whether The Plaintiff Has Stated A Claim On Which Relief Can Be Granted

Section 1415(i)(3)(B) of Chapter 20 of the United States Code reads, "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." Here, it is undisputed that the plaintiff brought his action under § 1415. It is also undisputed that the parties' mediation resulted in a legally binding and judicially enforceable agreement. The only issue in dispute is whether the plaintiff was also the prevailing party.

---

[1] Though the plaintiff did not submit the Hearing Officer's dismissal order alongside his Complaint, when considering a motion to dismiss, "[t]he complaint is deemed to include . . . any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). As the plaintiff explicitly references the dismissal order in his Complaint, the court may examine it in its consideration of the instant motion. (Doc. 1 at 9.)

The plaintiff alleges that he was the prevailing party. He grounds much of his argument in the plain language of the IDEA, from which, he argues, the court can infer the congressional intent underlying the statute's mediation provision. Specifically, he notes that the IDEA permits the award of attorneys' fees in "any action or proceeding brought under [§ 1415]." *See* 20 U.S.C. § 1415(i)(3)(B)(i). That mediation is a specifically enumerated proceeding under § 1415, the plaintiff argues, reflects Congress's intent to permit a party who engages in mediation to be awarded attorneys' fees, so long as he achieves some of the benefit he sought in bringing suit. He attempts to distinguish the instant case from others in which a plaintiff was denied prevailing party status because resolution was sought through a proceeding not specifically provided for by, and therefore not "brought under," § 1415. *See, e.g., Vultaggio ex rel. Vultaggio v. Bd. of Educ.*, 343 F.3d 598, 601-03 (2d Cir. 2003) (holding that state Complaint Review Procedure is not brought under § 1415 because § 1415 "neither mentions nor authorizes" that type of proceeding).

However, that mediation is a type of proceeding brought under § 1415 for which the right to attorneys' fees *can* attach does not end the prevailing party inquiry. The meaning of this term was clarified by the United States Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).[2] There, the Court considered whether a party that failed to secure a judgment on the merits or a court-ordered consent decree, but nevertheless achieved a desired result because the suit brought about a change in the defendant's conduct, could be considered a prevailing party. *Id.* at 600. The Court ultimately concluded that it is not enough that a party achieved some sought-after benefit, but rather a prevailing party "is one who has been awarded some relief *by the court*." *Id.* at 603 (emphasis added). Whereas both "judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees," the Court rejected the "catalyst theory" of recovery because "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id.*

---

[2] Though "*Buckhannon* concerned the fee-shifting provisions of the Americans with Disabilities Act of 1990 ("ADA"), . . . and the Fair Housing Amendments Act of 1988 ("FHAA"), . . . the decision expressly signaled its wider applicability." *J.C. v. Reg'l Sch. Dist. 10, Bd. Of Educ.*, 278 F.3d 119, 123 (2d Cir. 2002). The plaintiff does not argue that *Buckhannon* is limited to ADA or FHAA cases and the fee-shifting rules of *Buckhannon* have been deemed to "apply with as much force to the IDEA as [they do] to any of the other civil rights statutes cited in the opinion." *J.S. v. Ramapo Cent. Sch. Dist.*, 165 F. Supp. 2d. 570, 575 (S.D.N.Y. 2001).

at 604-05 (internal quotation marks and citation omitted). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. Therefore, bringing a proceeding under § 1415 is only one of the necessary conditions that a party must meet in order to recover attorneys' fees, and it is not enough to obtain an agreement in such a proceeding that changes the legal relationship of the parties and has judicial enforceability. Rather, as required by the Supreme Court, the agreement must also bear the necessary judicial *imprimatur*.

In the instant case, the Hearing Officer's dismissal order lacks the necessary "administrative *imprimatur*"[3] to give the plaintiff prevailing party status. As the parties did not participate in a hearing before the Hearing Officer, there is no judgment on the merits. There was also never a court-ordered consent decree, or a "*court-ordered change* in the legal relationship between the parties," *J.S. v. Ramapo Cent. Sch. Dist.*, 165 F. Supp. 2d. 570, 576 (S.D.N.Y. 2001) (emphasis added), as the Hearing Officer did not approve or sanction the parties' agreement by explicitly incorporating it into the dismissal order. *See Mr. L. v. Sloan*, 449 F.3d 405, 408 (2d Cir. 2006) (no prevailing party status where "the parties' settlement was neither approved by the hearing officer nor incorporated into the order of dismissal"); *Luis R. v. Joliet Twp. High Sch. Dist. 204*, No. 01 C 4798, 2002 WL 54544, at *3 (N.D. Ill. Jan. 15, 2002) (mediation agreement was "simply a private settlement agreement" that did not confer prevailing party status where plaintiffs failed to offer evidence that hearing officer approved or sanctioned agreement). Simply put, "under *Buckhannon*, a settlement of an IDEA administrative proceeding between the parties, followed by a dismissal of the proceedings–without more–does not render the plaintiff a 'prevailing party' for statutory fee-shifting purposes no matter how favorable the settlement is to the plaintiff's interests." *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 77 (2d Cir. 2005). Here, the dismissal order did not even refer to the settlement agreement, much less incorporate its terms. Accordingly, as the Hearing Officer did "no more than dismiss the case[] following settlement" and did not "incorporate[] the terms of

---

[3] The Second Circuit has used the term "administrative *imprimatur*" instead of "judicial *imprimatur*" when discussing the impact of a Hearing Officer's decision on the merits in an IDEA proceeding. *See A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 76 (2d Cir. 2005).

4

the settlement[] in [a] dispositive administrative order[]," the necessary administrative *imprimatur* for the plaintiff to obtain prevailing party status is lacking. *Id.* at 78.

### III.  Conclusion

For the reasons stated above, the defendants' Motion to Dismiss (Doc. 11) is GRANTED.

Dated at Rutland, in the District of Vermont, this 30th day of December, 2015.

_____
Geoffrey W. Crawford, Judge
United States District Court